# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MATTHEW WAYNE OXENDINE,

    Plaintiff,

-vs-                                                    Case No.  8:13-cv-426-T-30TGW

DEPUTY JARROD SNOW, et al.,

    Defendants.

_____/

# **O R D E R**

THIS matter is before the Court for consideration of Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Dkt. 1). Because Plaintiff is a pre-trial detainee who filed this action against governmental employees while detained in a prison facility, the Court is required to screen his action under 28 U.S.C. § 1915A(b).[1] Section 1915A provides that:

> "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . .  On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b)(1) & (2).  Section 1915A requires that prisoner complaints be screened in the same manner as under § 1915(e)(2)(B) where a governmental official has been sued regardless of whether the $350.00 filing fee has been paid. *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (finding that § 1915A "applies to any suit by a prisoner against

---

[1] 28 U.S.C. § 1915A(c) states in pertinent part that "the term 'prisoner' means any person incarcerated or *detained* in any facility who is accused of. . . violations of criminal law . . . ." Accordingly, the plain language of § 1915A makes clear that the section applies to complaints filed by pre-trial detainees.

certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."), *cert. denied*, 527 U.S. 1041 (1999). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although the complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## DISCUSSION

**Plaintiff's Allegations**

The complaint alleges the following facts:

> On November 17, 2012 around 3:30 in the afternoon Jarrod Snow jerked my door open, ran inside my house, and put a gun to my head, and called me Brian, and then he dragged me out the back door by my hair, and hurt my head and neck. He never identified himself as a law officer and never showed a warrant. After I was outside my door, Nicole Stevens assited [sic] in the arrest. My head and neck hurts all the time.

(Dkt. 1 at pp. 8-9).

Plaintiff names Deputies Jarrod Snow and Nicole Stevens, and Al Nienhuis, Sheriff of Hernando County, as Defendants in this action (Id. at pp. 6-7). He asserts that Defendants' actions violated his rights under the Fourth Amendment (Id. at p. 8). As relief, Plaintiff seeks release from incarceration, and compensatory damages (Id. at p. 10).

## Analysis

**1.     Challenge to detainment**

To the extent Plaintiff seeks release from detainment at Pinellas County Jail, Plaintiff's exclusive remedy is a petition for writ of habeas corpus. *See Pugh v. Smith*, 333 Fed. Appx. 478, 479 (11th Cir.2009) (unpublished) (stating that "[a] habeas petition is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate release.") (citing in part *Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

Accordingly, Plaintiff's request for immediate release from detainment will be dismissed.

**2.      Sheriff Nienhuis**

**a.     Official Capacity Claim**

"Although the Supreme Court has held that counties (and other local government entities) are 'persons' within the scope of § 1983, and subject to liability, [a plaintiff] cannot rely upon the theory of *respondeat superior* to hold [the local government entity] liable." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). To impose § 1983 liability on a local government entity, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the local government entity had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. *See McDowell*, 392 F.3d at 1289 (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

At issue here is the second element: whether Plaintiff alleged Nienhuis had a custom or policy that constituted deliberate indifference to Plaintiff's constitutional rights. The court concludes that the complaint's allegations do not establish this element.

"[O]fficial policy" often refers to formal rules or understandings—often but not always committed to writing—that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986). An official government policy also includes a decision to adopt a particular course of action that is properly made by that government's authorized decisionmakers. *See id.* at 481.

Here, the allegations in the complaint lack any mention of an official policy that constituted deliberate indifference to Plaintiff's constitutional rights, and the factual allegations are insufficient to infer one. Indeed, "municipalities rarely have an official policy that endorses a constitutional violation." *Craig v. Floyd County, Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011). Because the complaint does not establish an official policy, Plaintiff must show that Nienhuis had a custom or practice of permitting a constitutional violation and that Nienhuis's custom or practice was the moving force behind the constitutional violation. *Id.* (citing *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003)).

Assuming, for the sake of argument, that the incident on November 17 was one in which the deputies' actions were unconstitutional, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability against a municipality." *Id.* (quoting *City of Okla. City v. Tuttle*, 471 U.S. 808, 823-24 (1985) (plurality opinion)) (internal quotations omitted). This is true "even when the [single] incident involves several

employees of the municipality." *Id*. at 1311. "A pattern of similar constitutional violations . . . is ordinarily necessary." *Id*. at 1310 (quoting *Connick v. Thompson*, 131 S.Ct. 1350, 1360 (2011)) (internal quotations omitted). "A single incident would not be so pervasive as to be a custom, because a custom must be such a longstanding and widespread practice that it is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." *Craig*, 643 F.3d at 1310 (internal quotations and citations omitted).

Like the plaintiff in *Craig*, Plaintiff's factual allegation of a custom or practice "rests entirely on a single incident of alleged unconstitutional activity." *Id*. at 1311. Accordingly, the complaint does not establish that Nienhuis had a custom or practice that constituted deliberate indifference to Plaintiff's constitutional rights. Therefore, Nienhuis will be dismissed from this action in his official capacity.

      **b.**      **Individual Capacity Claim**

The complaint does not indicate whether Plaintiff seeks a § 1983 claim against Nienhuis in his individual capacity. Assuming the complaint asserts a § 1983 claim against Nienhuis in his individual capacity, the claim lacks merit.

Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *German v. Broward County Sheriff's Office*, 439 Fed.Appx. 867, 870 (11th Cir. 2011) (citing *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)). Rather, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. *Hartley*, 193 F.3d at 1269; *see also Gray ex rel. Alexander v.*

*Bostic*, 458 F.3d 1295, 1308 (11th Cir. 2006) (noting that liability under either instance is personal). "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Id*. (quotation omitted). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Id*. (quotation omitted).

The complaint does not allege that Nienhuis personally participated in the alleged constitutional violation. Further, the complaint's allegations do not establish a causal connection between the actions of Nienhuis and the alleged constitutional violation. The complaint's allegations lack any history of "obvious, flagrant, [and] rampant" widespread abuse "of continued duration" that would put Nienhuis on notice of the need to take corrective action. *Hartley*, 193 F.3d at 1269. Accordingly, Nienhuis will be dismissed from this action in his individual capacity.

**3.    Deputies Snow and Stevens**

The complaint alleges that Deputies Snow and Stevens violated Plaintiff's constitutional rights through an illegal warrantless entry into his house and the excessive use of force.

**a.    Warrantless Entry**

The complaint alleges in pertinent part that Deputy Snow opened the door to Plaintiff's house, then entered the house and put a gun to Plaintiff's head. Further, Deputy Snow never identified himself as a law enforcement officer and never showed Plaintiff that he had a warrant.

6

In *Shepard v. Hallandale Beach Police Dep't*, 398 Fed. Appx. 480 (11th Cir. 2010) (unpublished), the Eleventh Circuit Court of Appeals discussed the law governing warrantless entries into a person's home by law enforcement:

> Under the Fourth Amendment, warrantless searches and seizures in a home are "presumptively unreasonable." *Hartsfield v. Lemacks*, 50 F.3d 950, 954 (11th Cir. 1995). The presumption is rebutted, and the search or seizure is lawful, "only when some exception to the warrant requirement-such as consent or exigent circumstances- exists." *Bates v. Harvey*, 518 F.3d 1233, 1239 (11th Cir. 2008). Thus, "in-home arrests violate the Fourth Amendment unless they are accompanied by a warrant or an exception to the warrant requirement . . . even when the arrest is accomplished under statutory authority and when probable cause is clearly present." *Id.* at 1240 (quotation marks and brackets omitted).

*Id*. at 483.

The complaint fails to allege facts showing that either Snow or Stevens[2] entered Plaintiff's home without a warrant, consent, or exigent circumstances. Although the complaint alleges that Snow did not *show* Plaintiff a warrant, "there is no federal requirement that an officer have a warrant in hand or nearby when he is arresting a suspect. *United States v. Bembry*, 321 F. App'x 892, 894 (11th Cir. 2009). Instead, when an officer is arresting a suspect, pursuant to a warrant, and 'the officer does not possess the warrant, the officer must inform the defendant of the warrant's existence and of the offense charged and, at the defendant's request, must show the warrant to the defendant as soon as possible.' Fed. R. Crim. P. 4(c)(3)(A)." *Thompson v. City of Monroe*, 2011 U.S. Dist. LEXIS 120591, *18-19 (N.D. Ga. Oct. 18, 2011) (unpublished). The complaint does not allege either that Snow

---

[2]The complaint does not allege that Deputy Stevens entered Plaintiff's house.

never informed Plaintiff "of the warrant's existence and of the offense charged," or that Plaintiff requested to see the warrant.

The factual allegations of the complaint "stop[] short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Accordingly, the complaint fails to state a claim showing a violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.

### b. Excessive Force

The complaint appears to allege that Deputies Snow and Stevens used excessive force on Plaintiff while arresting him. The use of excessive force in carrying out an arrest constitutes a violation of the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394 (1989). Nonetheless, "the typical arrest involves some force and injury." *Rodriguez v. Farrell*, 280 F.3d 1341, 1351 (11th Cir. 2002). "[T]he application of *de minimis* force, without more, will not support a claim for excessive force in violation of the Fourth Amendment." *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000).

When a plaintiff alleges excessive force by an officer in the course of executing an arrest, he must show that the officer's conduct was objectively "unreasonable." *Graham*, 490 U.S. at 395-97. Such a test looks not to the motivation of the particular officer, but instead examines whether a reasonable officer would have taken the same action given the facts and circumstances confronting him. *Id.* at 397; *Vinyard v. Wilson*, 311 F.3d 1340, 1347 (11th Cir. 2002) ("The question is whether the officer's conduct is objectively reasonable in light of the facts confronting the officer."). The Supreme Court has recognized that the "right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of

8

physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396. Consequently, in determining whether an officer's use of force was objectively reasonable, thereby entitling the officer to qualified immunity, the court must consider several factors including: "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically." *Slicker v. Jackson*, 215 F.3d 1225, 1232-33 (11th Cir. 2000) (quoting *Moore v. Gwinnett County*, 967 F.2d 1495, 1498 (11th Cir. 1992) (quoting *Leslie v. Ingram*, 786 F.2d 1533, 1536 (11th Cir. 1986))). A court should also consider "(1) the underlying crime's severity; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect actively resists arrest or attempts to flee." *Lafavors v. Jenne*, 2006 U.S. App. LEXIS 2633, 2006 WL 249544, at *1 (11th Cir. Feb. 2, 2006) (unpublished) (citing *Graham*, 490 U.S. at 396). Moreover, "the calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97. In short, the Fourth Amendment prohibits force that is objectively unreasonable, both in the decision to implement the force and in the degree of force. *Graham*, 490 U.S. at 394; *Cottrell v. Caldwell*, 85 F.3d 1480, 1492 (11th Cir. 1996); *see also Crosby v. Monroe County*, 394 F.3d 1328, 1333 (11th Cir. 2004) (noting that courts must not "view the matter as judges from the comfort and safety of our chambers . . . [but rather] must see the situation through the eyes of the officer on the scene who is hampered by incomplete information and forced to make a split-second decision between action and

inaction...). In light of all of these considerations, the assessment of a police officer's use of force is a highly factual inquiry.

Initially, with regard to Deputy Stevens, the complaint presents no facts indicating that she used any force, let alone excessive force, on Plaintiff. Nor does the complaint allege facts indicating that Stevens had an opportunity to intervene in Deputy Snow's use of force on Plaintiff. *See Fundiller v. City of Cooper City*, 777 F.2d 1436, 1442 (11th Cir. 1985) ("[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable . . . ."). Therefore, the complaint fails to state a claim of excessive use of force by Deputy Stevens.

With regard to Plaintiff's claim that Deputy Snow used excessive force, the complaint does not assert facts that address the objective circumstances surrounding the use of force. For instance, the complaint fails to allege why the deputies were at his house, what he was doing when the deputies arrived, and what occurred after Deputy Snow entered his house. Although the complaint alleges that Deputy Snow "dragged [Plaintiff] out the back door by [his] hair," the force may have been objectively reasonable under the circumstances. The complaint, however, does not describe what those circumstances were.

The factual allegations of the complaint "stop[] short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949. Accordingly, the complaint fails to state a claim of excessive use of force by Deputy Snow.

**Leave to Amend**

Within **thirty (30) days** from the date of this Order, Plaintiff may submit an amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a

court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference. **The amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint.**

Plaintiff *must* limit the allegations in his amended complaint to claims related to the claims asserted in the original complaint, and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of, and facts regarding, the alleged illegal acts. In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1.      Plaintiff's complaint (Dkt. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  The dismissal is without prejudice to Plaintiff filing an amended complaint.

2.      The **Clerk of Court** is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint.  This case number should be written on the form.

3.      Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint, submitted on the court form, in compliance with this Order.

4.      If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court **shall**, without further notice, **dismiss** this action without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on March 20, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Plaintiff