# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MATTHEW WAYNE OXENDINE,**

 **Plaintiff,**

**v.**                **Case No. 8:13-cv-426-T-30TGW**

**DEPUTY JARROD SNOW,**

 **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Deputy Jared Snow's Motion for Summary Judgment (Dkt. 15). *Pro se* Plaintiff Matthew Wayne Oxendine neglected to file a response to Defendant's motion. The Court presumes that Oxendine has abandoned this action, given the Plea Agreement and his plea of guilty as to Count One of the Indictment in the related criminal case. *See U.S. v. Matthew Oxendine*, Case 8:13-cr-76-VMC-TBM, Dkts. 68 and 69. Nonetheless, the Court concludes, based on the merits of the motion, that Snow is entitled to summary judgment as a matter of law.

## BACKGROUND

On February 14, 2013, Oxendine filed the instant civil action under 42 U.S.C. § 1983. Oxendine alleges that Deputy Snow violated his Fourth Amendment right to be free from unreasonable searches and seizures. According to Oxendine's amended complaint, Deputy Snow entered Oxendine's home without consent and without a warrant. (Dkt. 7). Specifically, on November 17, 2012, Oxendine was arrested by deputies from the Hernando

County Sheriff's Office on charges related to the manufacture and possession of methamphetamine, the cultivation of marijuana, the possession of a firearm by a felon, and the possession of drug paraphernalia. Deputy Snow was one of the Hernando County Deputies involved in Oxendine's arrest. Oxendine alleges that Deputy Snow entered his mobile home and grabbed him and pulled him out of his back door without a warrant.

On February 7, 2013, the United States of America filed an Indictment in the Middle District of Florida, Tampa Division (Case 8:13-cr-76-VMC-TBM) against Oxendine on charges of manufacturing and conspiring to manufacture methamphetamine arising out of his arrest on November 17, 2012. On April 30, 2013, Oxendine's counsel filed a motion to suppress the evidence that was seized at the mobile home. In that motion, Oxendine argued that Deputy Snow violated his Fourth Amendment right to be free from unreasonable searches and seizures. *See U.S. v. Matthew Oxendine*, Case 8:13-cr-76-VMC-TBM, Dkt. 28. On July 1, 2013, Magistrate Judge Thomas McCoun held an evidentiary hearing on the motion to suppress and considered testimony and argument at the hearing, including witnesses called by the United States: Deputy Snow, Deputy Lamia, Deputy Stevens, as well as witnesses called by Oxendine: H.B. Oxendine, Tina Areniecke and Deputy O'Brian. *Id.* at Dkt. 45.

On July 15, 2013, Judge McCoun issued a report and recommendation on the motion to suppress. Judge McCoun concluded that there was adequate probable cause and exigent circumstances to permit the warrantless entry into the residence by Deputy Snow. He also concluded that Deputy Snow's warrantless entry was permissible and consistent with the Fourth Amendment. *Id.* at Dkt. 46. As a result, Judge McCoun recommended that the court

deny Oxendine's motion to suppress. *Id.* On August 20, 2013, the district court adopted and approved the report and recommendation and denied Oxendine's motion to suppress. *Id.* at Dkt. 63.

Deputy Snow now moves for summary judgment because Oxendine's claim in this case is barred by collateral estoppel. For the reasons discussed below, the Court concludes that Oxendine's section 1983 claim is barred by collateral estoppel because this issue was fully and fairly litigated in Oxendine's criminal case.

## **SUMMARY JUDGMENT STANDARD OF REVIEW[1]**

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

---

[1] The summary judgment standard of review applies to the extent that Deputy Snow's motion is filed under Fed. R. Civ. P. 12(d).

A district court cannot base the entry of summary judgment on the mere fact that a motion for summary judgment was unopposed, but, rather, must consider the merits of the motion. *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam). The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. *Id.* At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment. *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) (per curiam) ("[T]he district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact."). In addition, so that there can be an effective review of the case on appeal, the district court's order granting summary judgment must "indicate that the merits of the motion were addressed." *Dunlap*, 858 F.2d at 632.

## **DISCUSSION**

Oxendine's section 1983 claim fails on the merits. As Deputy Snow points out, the claim is barred by collateral estoppel because, in the criminal case against Oxendine, the court found that Deputy Snow had probable cause to conduct a warrantless search of Oxendine's residence and did not violate Oxendine's Fourth and Fourteenth Amendment rights by doing so.

"Collateral estoppel, or issue preclusion, is an affirmative defense barring a party from re-litigating an issue determined against that party in an earlier action, even if that

action differs significantly from the first one." *Hires v. City of St. Petersburg*, 2008 WL 2042514, at *3-*5 (M.D. Fla. May 12, 2008). Collateral estoppel applies to civil rights actions arising under 42 U.S.C. § 1983. *See Allen v. McCurry,* 449 U.S. 90, 103-05, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). There are three prerequisites to a determination of collateral estoppel: "(1) ... the issue at stake [must] be identical to the one involved in the prior litigation; (2) ... the issue [must] have been actually litigated in the prior litigation; and (3) ... the determination of the issue in the prior litigation [must] have been a critical and necessary part of the judgment in that earlier decision." *Precision Air Parts v. Avco Corp.,* 736 F.2d 1499, 1501 (11th Cir. 1984) (quoting *Deweese v. Town of Palm Beach,* 688 F.2d 731, 733 (11th Cir.1982)).

In *Hires*, a case procedurally similar to the instant case, the plaintiff, Morris Hires, alleged in a civil section 1983 action that officers from the City of St. Petersburg Police Department violated his Fourth Amendment rights when they allegedly detained and arrested him without probable cause. 2008 WL 2042514 at *1. Hires was charged with possessing a firearm as a felon and possession of cocaine and filed a motion to suppress evidence in the criminal case. *Id.* at *2. After an evidentiary hearing on the motion to suppress, the district court concluded that the officer had probable cause to arrest Hires and there was no violation of Hires' Fourth Amendment rights. *Id.* at *2-*3.

In the civil lawsuit, the district court granted summary judgment in the officer's favor on the issue of whether he had probable cause to stop and arrest Hires. Specifically, the court concluded that "Hires is collaterally estopped from relitigating his claim that Officer Lord did not have probable cause to stop and arrest him on the night of March 14, 2006 in his

present 42 U.S.C. § 1983 complaint." *Id.* at *5.  The court noted that: "[t]he parties were fully heard at the hearing on the motion to suppress; the court supported its decision with a reasoned opinion; and the decision was subject to appeal." *Id.*  Thus, the three prerequisites to establish collateral estoppel were met. *Id.*

Here, like in *Hires*, the issue of whether Deputy Snow had probable cause to conduct a warrantless search and seizure was fully and fairly litigated at the evidentiary hearing in front of Judge McCoun on July 1, 2013.  Judge McCoun's findings, which the district court adopted in full, preclude and bar Oxendine from re-litigating the identical issue in this civil case.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Deputy Jared Snow's Motion for Summary Judgment (Dkt. 15) is granted.

2. The Clerk of Court is directed to enter final judgment in favor of Defendant and against Plaintiff and thereafter shall close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 28, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-426.msj.frm